UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL KEVIN MARTIN

v.  Case No. 8:07-cr-48-T-24-TBM
    8:10-cv-16-T-24-TBM

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner's motion for reconsideration regarding the Court's finding as to the date that he filed his initial motion for reconsideration. (CV Doc. No. 18). As explained below, the motion is **DENIED**.

### I. Background

On August 28, 2007, Petitioner was sentenced, and judgment was entered that same day. (CR Doc. No. 53, 59). Petitioner did not appeal his sentence. Instead, on December 29, 2009, he filed a § 2255 motion, which the Court denied on April 29, 2010. (CV Doc. No. 1, 9). The Court entered judgment against Petitioner in the civil case on April 30, 2010. (CV Doc. No. 10).

On July 16, 2010, this Court docketed a motion to reconsider submitted by Petitioner. (CV Doc. No. 11). Petitioner attached to that motion a letter stating that he had originally mailed a motion for reconsideration in May of 2010 that had not been filed by the Court. The Court denied the July 16, 2010 motion for reconsideration, and Petitioner appealed. (CV Doc. No. 12, 13). On October 12, 2010, the Eleventh Circuit issued a limited remand of this case and directed this Court to determine the date on which Petitioner delivered his motion for reconsideration to prison officials for mailing. (CV Doc. No. 14).

On November 10, 2010, this Court made the additional factual findings requested by the Eleventh Circuit. (CV Doc. No. 17). Specifically, this Court found that Petitioner did not comply with the requirements of the mailbox rule, since his motion for reconsideration did not indicate the date that it was submitted to prison officials for mailing. Instead, the only submission date that can be found is in the letter attached to the motion for reconsideration, in which Petitioner stated that the motion was submitted in "May 2010." Accordingly, the Court found that Petitioner did not get the benefit of the mailbox rule, and as a result, his motion for reconsideration was filed on July 16, 2010. On November 22, 2010, Petitioner submitted the instant motion for reconsideration.

## II. Motion for Reconsideration

In this motion, Petitioner asks the Court to reconsider its finding that he does not get the benefit of the mailbox rule and instead find that his motion for reconsideration of the Court's order denying his § 2255 motion be deemed filed in May of 2010. This motion has no merit.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Petitioner has not shown that any of these grounds are applicable to his situation, and instead, he merely reargues arguments that the Court has already rejected.

The Court notes that Petitioner argues that it does not matter which day in May of 2010 that he submitted the motion for mailing, because any day in May would have been a timely submission. This argument is flawed, as judgment was entered on April 30, 2010, and as such, a timely motion for reconsideration had to be submitted by May 28, 2010.[1] Since May has thirty-

---

[1] Federal Rule of Civil Procedure 59(e) provides that motions to alter or amend a judgment must be filed within twenty-eight days after the judgment was entered.

one days, Petitioner's argument–that he could have submitted his motion for reconsideration on any day in May and it would still be timely–is incorrect.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's November 2010 motion for reconsideration (CV Doc. No. 18) is **DENIED**

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record
The Eleventh Circuit Court of Appeals